THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. ROBERTO ESCALANTE, Defendant-Appellee.

Second District    No. 2—98—0592

Opinion filed January 19, 2000.

Paul A. Logli, State's Attorney, of Rockford (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

G. Joseph Weller and Linda A. Johnson, both of State Appellate Defender's Office, of Elgin, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

The State appeals from the trial court's order granting the motion to suppress statements of defendant, Roberto Escalante. We affirm.

Defendant was charged with unlawful use of weapons (720 ILCS 5/24—1(a)(4) (West 1996)). He subsequently filed a motion to suppress the statements he made to Rockford police detective Theotis Glover on January 21, 1997. The original motion contained six grounds upon which defendant sought to suppress his statements; however, defendant withdrew five of the grounds before the hearing, leaving only the allegation that his statement was elicited from him as "the direct result of mental coercion, promises, or threats, and was, therefore, involuntary."

At the hearing, the State called Detective Glover, who testified that he interviewed defendant in the Public Safety Building on January 21, 1997. No one other than defendant and Glover was present during the interview, which lasted approximately 2¹/₂ hours. Glover gave defendant a soft drink after defendant asked for one. Glover was dressed casually, in jeans and a shirt or sweatshirt, and was unarmed at the time. Glover testified that he exhibited "an Information [*sic*] type of demeanor," never yelling, raising his voice, or threatening defendant. He also never made any promises to defendant. During the interview, defendant never indicated that he was tired or needed to stop.

Defendant did not cross-examine Glover. No additional witnesses were called. Defendant then moved for a directed finding. After argument, the court took the motion under advisement. The court eventually ruled in defendant's favor and granted the motion to suppress statements. The State's motion for reconsideration was denied. The State then filed a certificate of impairment and a timely notice of appeal.

■ The voluntariness of a statement needs to be established by a preponderance of the evidence. *People v. Patterson*, 154 Ill. 2d 414, 445 (1992). The burden is upon the State to establish voluntariness; once a *prima facie* case has been established, the burden of going forward with the proofs shifts to the defendant. *Patterson*, 154 Ill. 2d at 445. The test of voluntariness is whether the statement is made freely, voluntarily, and without compulsion or inducement of any kind or whether the defendant's will was overcome at the time the statement was made. *Patterson*, 154 Ill. 2d at 445. A trial court's ruling on the voluntariness of a statement will not be disturbed on appeal unless it is against the manifest weight of the evidence. *Patterson*, 154 Ill. 2d at 445-46.

■ In its ruling, the trial court stated:

"There's no information here for me to indicate what statements, if any, he gave in response to what questions, if any. While the State put on evidence indicating the officer didn't make any specific threats to the Defendant or coerce him, there's nothing indicating to me in affect [*sic*] what was asked of him and the circumstances surroundings [*sic*] any statement. I don't even know what statement, if any, the Defendant made, quite frankly. *** It would be helpful for the Court to know under what circumstances, if any, he made a statement."

We agree. Although defendant's motion limited itself to the allegation that his statements were elicited by mental coercion, promises, or threats, more than the testimony given by Detective Glover was neces-

sary to determine whether the statement was voluntary. Glover's testimony was nothing more than a testimonial denial of defendant's motion. *Prima facie* evidence is defined as a quantum of evidence sufficient to satisfy the burden of production concerning a basic fact that allows an inference of a presumed fact. *People v. Robinson*, 167 Ill. 2d 53, 75 (1995). The simple denial of defendant's allegations, with very little more, simply is not sufficient to satisfy the burden of proof such that the court can infer that the statements were given voluntarily. The interview with Glover took approximately 2½ hours; the State provided almost no evidence of what occurred during that period, let alone what occurred prior to Glover's interview. This paucity of evidence fails to sustain the State's burden of establishing a *prima facie* case. The trial court did not err in granting the motion to suppress statements and is affirmed.

For these reasons, the judgment of the circuit court of Winnebago County is affirmed.

Affirmed.

GEIGER and RAPP, JJ., concur.